UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUCE BAUMANN,

        Plaintiff,

                                            Case Number 04-10344-BC

v.                                                Honorable David M. Lawson

SANDVIK, INC.,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on the defendant's motion seeking reconsideration of this Court's February 7, 2006 order denying its motion for summary judgment on the plaintiff's discrimination claims arising under the Americans with Disabilities Act, 42 U.S.C. 12101 *et. seq.* The defendant argues that the Court did not correctly apply the Supreme Court's standard in *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184 (2002) with respect to the plaintiff's "regarded as" disability claim. The Court disagrees and will deny the defendant's motion.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, the Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

After reviewing the defendant's submissions, the Court determines that the defendant raises

the same argument presented in its motion for summary judgment. The defendant fully briefed its argument that the evidence to which the plaintiff cited demonstrated at most its desire to reasonably accommodate any limitation the plaintiff may have had. Further, the defendant fully briefed its argument that the company did not perceive the plaintiff was precluded in performing activities, including work, central to his daily life as required by *Toyota*. The Court carefully reviewed the record and found that although a trier of fact clearly could accept that the defendant perceived the plaintiff as a malingerer, a jury reasonably could conclude that defendant's decision to discharge the plaintiff on the basis of his medical restrictions instead of being a malinger implicated a perception of disability as defined by the ADA. That conclusion remains unchanged.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt # 33] is **DENIED**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: March 9, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2006.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS